Matter of Harrison v Annucci (2018 NY Slip Op 01978)





Matter of Harrison v Annucci


2018 NY Slip Op 01978


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018

525307

[*1]In the Matter of TYRONE HARRISON, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 23, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Tyrone Harrison, Rome, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner commenced this CPLR article 78 proceeding seeking to challenge a tier III determination finding him guilty of violating a prison disciplinary rule. The Attorney General has advised this Court that the determination has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the mandatory $5 surcharge has been refunded to petitioner's institutional account. To the extent that petitioner seeks to be restored to
the status that he enjoyed prior to the disciplinary determination, he is not entitled to such relief (see Matter of Smart v Annucci, 155 AD3d 1289, 1289 [2017]; Matter of Smith v Prack, 131 AD3d 784, 784 [2015]). We note, however, that any loss of good time imposed should be restored (see Matter of Guillebeaux v Annucci, 156 AD3d 1001, 1001 [2017]; Matter of Ulmer v Annucci, 155 AD3d 1171, 1171 [2017]). Otherwise, inasmuch as petitioner has received all of the relief to which he is entitled, the petition must be dismissed as moot (see Matter of Ulmer v Annucci, 155 AD3d at 1171; Matter of Habeeb v Annucci, 153 AD3d 1497, 1498 [2017]).
McCarthy, J.P., Lynch, Clark, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs.